**Affirmed and Opinion Filed April 11, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01086-CR

**DANIEL RUBIN HILLIN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F12-34374**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Bridges

Appellant Daniel Rubin Hillin appeals from the trial court's denial of his motion to suppress. In a single issue, appellant argues the trial court abused its discretion in denying his motion to suppress when officers did not have the right to be where they were at the time they initiated a dog sniff of his vehicle, because his car was not parked in a public parking lot. Based on appellant's plea of guilty, the trial court found him guilty of unlawful possession of methamphetamine in an amount greater than 4 grams but less than 200 grams and sentenced him to ten years' imprisonment. For the reasons stated in this opinion, we affirm the trial court's denial of appellant's motion to suppress.

## Background

On June 13, 2012, Officer Jeff Allen observed a car parked in a car wash parking lot in Irving, Texas. Allen approached the vehicle and its occupant, appellant. Allen then asked appellant for permission to search the vehicle, which appellant granted. Allen searched the entire vehicle, except under the hood.

When Allen asked for permission to search under the hood, appellant denied permission. Appellant then walked away and abandoned his vehicle in the parking lot. Allen thereafter requested a K-9 dog sniff. The K-9 sniffed the exterior of the car's front right wheel near the hood of the vehicle and alerted.

Allen concluded he had probable cause to search the vehicle and contacted the Narcotics Division. Officer Andrew Bah of the Irving Police Department applied for the search warrant of appellant's vehicle. In his affidavit for search warrant, Bah indicated Allen (and the other officer on the scene) knew appellant "to be a narcotics dealer and knew he had four narcotics related charges on his criminal history."[1] In addition, appellant stated that, when Allen asked appellant to open the hood of his vehicle, appellant "became agitated, withdrew his consent and then locked up the vehicle and left the location on foot."

While awaiting the search warrant, Allen followed appellant's car as it was towed to the police station. The search warrant issued, and the search revealed the drugs that subsequently led to appellant's arrest and indictment in this case.

## Analysis

In a single issue, appellant argues the trial court abused its discretion in denying his motion to suppress when officers did not have the right to be where they were at the time they

---

[1] The record before us shows appellant received three separate convictions for possession of a controlled substance on May 25, 2007 and received a two-year sentence in each case.

initiated a dog sniff of his vehicle, because his car was not parked in a public parking lot. We apply a bifurcated standard of review to the trial court's ruling on a motion to suppress evidence. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We afford almost total deference to the trial court's determination of historical facts and apply a de novo review to the trial court's application of the law to the facts. *Id.* The trial court is the sole trier of fact, the judge of witness credibility, and the weight to be given to witness testimony. *Id.* The trial court's ruling "will be upheld on appeal if it is correct under any theory of law that finds support in the record." *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006).

We first note that a dog sniff is not a search, and it is generally accepted that a positive alert by a certified drug dog is usually enough, by itself, to give officers probable cause to search. *State v. Weav*er, 349 S.W.3d 521, 527-28 (Tex. Crim. App. 2011) (citing *United States v. Parada*, 577 F.3d 1275, 1282 (10th Cir. 2009)). However, if the area of the search is not a "public" area, officers conducting the dog sniff must obtain permission to be in that area. *See Weaver* at 528. Appellant, therefore, argues that "because there is no evidence in the record that it was a public parking lot, and the officers did not have consent to be standing beside the vehicle in the parking lot, the officers were not entitled to be in the parking lot at the time they conducted the dog sniff."

Because the trial court's ruling must be upheld if it is correct under any theory of law that finds support in the record, we turn to the record before us. *See Gonzalez*, 195 S.W.3d at 126. At the hearing on the motion to suppress, Allen testified appellant's car was "parked at the Joans car wash on Shady Grove." When defense counsel asked if it was parked in a "private" car wash parking lot, Allen responded: "It was parked in a parking lot." When defense counsel asked if, when appellant left the scene, the car was parked on "private property," Allen responded: "Well, a public car wash." Finally, when defense counsel asked if he was correct that the car was towed

–3–

from "private property" to the police impound in Irving, Allen responded: "It was towed because the dog alerted." Bah's affidavit for search warrant simply lists the area at issue as a "parking lot" without designating it as public or private. Therefore, there is no evidence on the record before us that the parking lot was private property. We overrule appellant's sole issue and affirm the judgment of the trial court.[2] *See Weaver*, 349 S.W.3d at 527-28; *Gonzalez*, 195 S.W.3d at 126.

Do Not Publish
TEX. R. APP. P. 47.2
131086F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

---

[2] Bah's affidavit demonstrates the canine that conducted the sniff was certified by the National Narcotic Detector Dog Association in compliance with *Weaver*. *See State v. Weaver*, 349 S.W.3d at 527-28 (noting a positive alert by a certified drug dog is usually enough, by itself, to give officers probable cause to search).



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DANIEL RUBIN HILLIN, Appellant

No. 05-13-01086-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F12-34374.
Opinion delivered by Justice Bridges.
Justices O'Neill and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 11, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE